IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE, CORRECT OR SET ASIDE** |
| vs. | ) | **SENTENCE UNDER 28 U.S.C. § 2255** |
| | ) | |
| | ) | Case No. 3:12-cr-30-3 |
| David Michael Davis, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| David Michael Davis, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-175 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Defendant David Michael Davis filed a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255.  Doc. No. 204. The United States opposes the motion. Doc. No. 209. Davis replied.  Doc. No. 212.  For the reasons below, the motion is denied.

**I.      BACKGROUND**

Davis was indicted for conspiracy to distribute controlled substances in violation of the Controlled Substances Act ("CSA"), 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, in December 2011. Doc. No. 1.  On September 10, 2012, Davis pleaded guilty to one count of conspiracy to distribute methamphetamine. See Doc. No. 81. On February 4, 2013, Davis was sentenced to 216 months' imprisonment. See Doc. No. 124. Davis did not appeal.  On October 17, 2022, Davis filed this motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. See Doc. No. 204.

## II.    LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

The court may dismiss a § 2255 motion without a hearing if, "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

## III.    DISCUSSION

### A.    Whether Davis's Motion is Time Barred

28 U.S.C. § 2255(f) generally requires a § 2255 movant to file a motion within one year of the judgment becoming final. It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. See Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (because defendant did not file a direct appeal, his conviction became final when the period for filing a notice of appeal expired.). Davis was sentenced on February 4, 2013 (Doc. No. 122), and the judgment was entered on February 8, 2013. Doc. No. 124. Under Federal Rule of Appellate Procedure 4(b)(1), the time to appeal lapsed 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1). To be timely under § 2255(f)(1), Davis had until February 23, 2014, to bring his § 2255 motion. This motion was filed in 2022, so Davis's § 2255 motion is time barred and must be dismissed unless an exception in § 2255(f)(2)-(4) applies. Davis argues § 2255(f)(3) and (4) each apply.

**B.   Exceptions Under 28 U.S.C. § 2255(f)(2)-(4)**

The one-year period to file a § 2255 motion may, in some cases, begin on the date when an impediment to making the motion is removed. 28 U.S.C. § 2255(f)(2). For this provision to apply, the impediment must have been "created by governmental action in violation of the Constitution or laws of the United States," and the movant must have been "prevented from making a motion by such governmental action." Id. Beyond that, the one-year period to file may, in some other cases, begin on the date on which an asserted right was initially recognized by the United States Supreme Court, "if that right has been newly recognized . . . and made retroactively

3

applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). And finally, the one-year period to file may also, in yet some other cases, begin on the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Davis does not make an argument under § 2255(f)(2). Instead, he argues § 2255(f)(3) and (4) apply. Davis suggests he is entitled to a renewed one-year period to file following United States v. Ruth, 966 F.3d 642 (7th Cir. 2020). However, 28 U.S.C. § 2255(f)(3) only applies to rights recognized by the United States Supreme Court, so this avenue of relief is foreclosed.[1] This leaves § 2255(f)(4) as the only remaining avenue for relief.

Under § 2255(f)(4), the one-year period to file begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." To trigger the renewed statute of limitations contained in § 2255(f)(4), a petitioner "must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." Ingram v. United States, 932 F.3d 1084, 1088-89 (8th Cir. 2019) (citations omitted). Davis claims the Seventh Circuit's Ruth decision is a new fact that triggered the renewed statute of limitations. It is not. That is because a judicial decision interpreting the law does not constitute a "new fact" for purposes of § 2255(f)(4). See E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006); see also Ingram v. United States, 932 F.3d 1084, 1089 (8th Cir. 2019). Put simply, § 2255(f)(4) does not apply, and there is no factual basis to find that any of the § 2255(f)(2)-(4) statutory provisions extend the one-year filing period beyond the date Davis's judgment became final. With no exception in play, Davis's motion is time barred and must be dismissed.

---

[1] And even if Davis had cited a United States Supreme Court decision, the Eighth Circuit Court of Appeals stated recent case law addressing the categorical approach does not involve newly recognized rights that would support an otherwise time barred § 2255 motion or a second or successive motion. See Martin v. United States, 904 F.3d 594, 597 (8th Cir. 2018).

### C. Equitable Tolling

The Eighth Circuit has also recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is to be used infrequently, see Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights. Frinch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005).

Davis has not argued that any extenuating circumstances beyond his control prevented a timely filing. He does not claim the United States has done something to make it impossible or difficult for him to uncover the facts he asserts in support of his claims. He does not allege that some government action led him into inaction. He does not refer to any extraordinary circumstances attributable to the United States that prevented him, in the exercise of reasonable diligence, from bringing a timely habeas petition.

Davis has not provided evidence that extraordinary circumstances beyond his control prevented the timely filing. Because he fails to point to any facts showing he diligently pursued his rights, he has failed to establish a basis for equitable tolling.

### D. Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). Said another way, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to

5

relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). Davis's motion is time barred, and no factual dispute exists. Dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant law. Davis's § 2255 motion is time barred, not subject to equitable tolling, and the Court need not address the merits of his claims. Davis's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 204) is **DENIED** and **DISMISSED** without an evidentiary hearing.

Based upon the entire record and in this Court's view, dismissal of the § 2255 motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Davis desires further review of his § 2255 motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 10th day of March, 2023.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court